# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | | |
|---|---|---|
| **ROSEMARY SIRING,** | ) | No. **3:11-cv-1407-ST** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER ADOPTING** |
| | ) | **FINDINGS AND RECOMMENDATION** |
| **OREGON STATE BOARD OF HIGHER** | ) | |
| **EDUCATION**, acting by and through | ) | |
| **EASTERN OREGON UNIVERSITY,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**SIMON, District Judge.**

Magistrate Judge Janice M. Stewart issued findings and recommendation in the above-captioned case on October 3, 2012. Dkt. 39. Judge Stewart recommended that Defendant's Motion for Summary Judgment, Dkt. 24, be GRANTED IN PART and DENIED IN PART. Defendant timely filed objections. Dkt. 41. Plaintiff has responded to those objections. Dkt. 43.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the

court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court has reviewed *de novo* those portions of Judge Stewart's findings and recommendation to which Defendant has objected, as well as Defendant's objections and Plaintiff's response. The Court has also reviewed both the Declaration of Cody J. Elliott dated October 22, 2012 (Dkt. 42), which accompanied Defendant's Objections, and the Declaration of Craig A. Crispin dated November 5, 2012 (Dkt. 44), which accompanied Plaintiff's Opposition to Defendant's Objections. Although these declarations were not before Judge Stewart, this Court may "receive further evidence" in the course of reviewing a Magistrate Judge's findings and recommendations. 28 U.S.C. § 636(b)(1). Plaintiff states that "[t]his extraordinary procedure has not been found by plaintiff to have previously been used to supplement a summary judgment record within this District or even within this Circuit." Pl.'s Opp'n at 10 n.3. Plaintiff may have overlooked *Hamilton v. Silven, Schmeits & Vaughan, P.C.*, Case No. 2:09-cv-01094-SU, 2011 WL 6888564, at *6 (D. Or. Dec. 23, 2011) (citing *Spaulding v. University of Washington*, 676 F.2d 1232, 1235 (9th Cir. 1982) (court may hold new hearing and take new evidence)). Having reviewed the parties' submissions and declarations *de novo*, the Court agrees with Judge Stewart's reasoning and adopts those portions of the findings and recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe a standard of review. Indeed, where there are no objections, "[t]here is no indication that Congress . . . intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), *cert. denied*, 540 U.S. 900

(2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise").  Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard."  *Thomas*, 474 U.S. at 154.  Furthermore, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

For those portions of Judge Stewart's findings and recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record.  No such error is apparent.

Therefore the Court orders that Judge Stewart's findings and recommendation, Dkt. 39, are ADOPTED.  Defendant's Motion for Summary Judgment, Dkt. 24, is GRANTED IN PART and DENIED IN PART as follows: (1) the Motion for Summary Judgment is GRANTED as to the Third, Fourth, and Fifth Claims (alleging retaliation) only to the extent that they are based on actions taken after Plaintiff's March 2010 email, which is not a protected activity, and after Plaintiff filed her Tort Claim Notice and BOLI complaint in July 2010 due to lack of causation; (2) the Motion for Summary Judgment is DENIED as to those portions of the Third, Fourth, and Fifth Claims (alleging retaliation) to the extent they are based on actions taken after Plaintiff sent her May 24, 2010 letter; and (3) the Motion for Summary Judgment is DENIED as to the remaining claims.

Dated this 29th day of November, 2012.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge

OPINION & ORDER – Page 3