IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **ROSEMARY SIRING**, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>**OREGON STATE BOARD OF HIGHER EDUCATION** acting by and through **EASTERN OREGON UNIVERSITY**, a public educational institution of higher learning,<br><br>    Defendant. | Case No. 3:11-cv-01407-SI<br><br>**OPINION AND ORDER ON PRETRIAL MOTIONS** |

Craig A. Crispin and Shelley D. Russell, Crispin Employment Lawyers, 1834 S.W. 58th Avenue, Suite 200, Portland, Oregon 97221. Attorneys for Plaintiff.

Michael Porter and Cody J. Elliot, Miller Nash LLP, 3400 U.S. Bancorp Tower, 111 S.W. Fifth Avenue, Portland, Oregon 97204. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Dr. Rosemary Siring ("Plaintiff" or "Siring") brings this lawsuit against Oregon State Board of Higher Education, acting by and through Eastern Oregon University ("Defendant" or "EOU"). Plaintiff alleges seven claims for relief: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); (2) age discrimination in

PAGE 1 – OPINION AND ORDER

violation of Or. Rev. Stat. § 659A.030(1)(a); (3) retaliation in violation of 29 U.S.C. § 623(d); (4) retaliation in violation of Or. Rev. Stat. § 659A.030(1)(f); (5) discrimination based on a perceived disability in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a); (6) disability discrimination in violation of Or. Rev. Stat. § 659A.112(1); and (7) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). *See* Dkt. 53 (Pretrial Order). The Court has previously granted in part Defendant's motion for summary judgment, holding that Plaintiff may not base her retaliation claims on any actions taken by Defendant either: (1) in response to Plaintiff's March 2010 email, which is not a protected activity; or (2) after Plaintiff filed her Tort Claim Notice and BOLI complaint in July 2010, due to lack of causation. A jury trial is scheduled to begin on Tuesday, October 15, 2013, at 1:00 p.m. This Opinion and Order addresses the parties pending motions *in limine* and other pretrial evidentiary objections.

## DISCUSSION

A. **Plaintiff's Motions *in Limine* (*See* Dkts. 75 and 86)**

   1. **Motion to exclude evidence regarding Plaintiff's initial tenure denial and subsequent successful appeal while a professor at Montana State University**

   DENIED.

   Plaintiff argues that the fact that the tenure committee at Montana State University-Billings ("MSU-B") voted to deny Plaintiff tenure is irrelevant because it concerned a different school, a different tenure process, and different reasons for initially denying tenure than are presented here. Plaintiff adds that any slight probative value of the initial denial of Plaintiff's tenure at MSU-B, before that decision was reversed by the provost and Plaintiff was offered tenure, is significantly outweighed by the risk of unfair prejudice. Defendant responds that Plaintiff "wants to tell only one side of her background." Defendant adds that Plaintiff's tenure

experience at MSU-B, where the tenure committee found Siring's scholarship to be lacking, is relevant to show that Plaintiff was aware of the importance of scholarship in the university tenure process and that university-level scholarship has been an ongoing struggle for Plaintiff. The Court agrees with Defendant. These facts are relevant to the jury's assessment of Defendant's stated reasons for taking the actions that it took and are not unfairly prejudicial.

> 2. **Motion to exclude evidence regarding Plaintiff's alleged gambling activities** GRANTED IN PART AND DENIED IN PART.

Plaintiff argues that evidence of Dr. Siring's past gambling activities should be excluded as irrelevant and, alternatively, excluded under Rule 403 of the Federal Rules of Evidence ("FRE"). Defendant responds that Plaintiff's past gambling activities are relevant to the issue of Plaintiff's claim for emotional distress. Defendant notes that the report prepared by Plaintiff's expert Dr. Lauren Best indicates that Plaintiff has a history of gambling and that financial stress, including stress caused by gambling, can cause emotional distress.

Although financial stressors can be relevant to emotional distress damages, there is no evidence that Plaintiff's gambling activities and alleged gambling problem occurred near in time to the relevant actions taken by EOU in 2009 and later. In fact, it appears from Dr. Best's report that Plaintiff has not gambled since 2007.

In an attempt to lay a foundation for this evidence, Defendant may inquire of both Plaintiff and Dr. Best, out of the presence of the jury, regarding whether Plaintiff currently has a gambling program and whether she has gambled since 2007. *See* FRE 104(c)(3). If an evidentiary foundation is laid that shows that Plaintiff's gambling activities may be contributing to her emotional distress since 2009, evidence of those activities may be allowed, but not otherwise. Until such a foundation has been laid outside the presence of the jury and the Court so finds, Defendant may not refer to any such evidence of Plaintiff's gambling activities.

PAGE 3 – OPINION AND ORDER

3. **Motion to exclude argument and jury instruction on the "same-actor" inference** GRANTED IN PART AND DENIED IN PART.

Plaintiff argues that the same-actor inference cannot properly be applied to this case, that a jury instruction on the inference is improper, and that Defendant should be barred from making any argument relating to the inference. Defendant responds that the same-actor inference was already found applicable by the Court at the summary judgment stage and that permitting argument and giving a jury instruction on the inference is proper. This Court has tentatively concluded that a jury instruction on the same-actor inference will not be given, but the parties will be free during closing argument to make reference to the "same-actor" facts and to argue that the jury may or may make draw a reasonable from these facts. Because a "same actor" argument provides only an inference that may be drawn from the facts, however, it would not be appropriate to argue any such inference during opening statement.

The Ninth Circuit has held "that where the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996); *see also Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1096 (9th Cir. 2005) (extending *Bradley's* pronouncement on the same-actor inference for "hiring and . . . firing" to cases where the employee is "offered a less desirable job assignment" (quotation marks omitted)). The same-actor inference is "neither a mandatory presumption (on one hand) nor a mere possible conclusion for the jury to draw (on the other hand)." *Coghlan*, 413 F.3d at 1098. Instead, "it is a 'strong inference' that a court must take into account on a summary judgment motion." *Id.*; *see also Bradley*, 104 F.3d at 271-72. The same actor inference can be overcome, however, if the plaintiff provides "meaningful evidence that her supervisor harbored discriminatory animus," *Johnson v. Boys & Girls Clubs of S. Puget Sound*, 191 Fed. App'x 541,

PAGE 4 – OPINION AND ORDER

545 (9th Cir. 2006), or "evidence suggesting that [the employer] developed a bias against [the protected class]" during the interval between the favorable and unfavorable employment actions, *Coghlan*, 413 F.3d at 1097.

At summary judgment, the Court concluded that although the same-actor inference applied in this case, there was "specific and substantial evidence to demonstrate that the University's reason for placing her on a terminal contract after her fourth year of employment was a pretext for age discrimination." Dkt. 39 at 39, 44. The Court concluded that there was a genuine dispute as to a material fact regarding the existence of pretext and denied the University's motion for summary judgment on Siring's age discrimination claim. *Id.* at 44.

Ninth Circuit precedent indicates that the same-actor inference is not typically provided as a jury instruction. The holding from *Coghlan*, read narrowly, would indicate that the same-actor inference is a principle of law to be applied at the motion for summary judgment stage. *Coghlan*, 413 F.3d at 1098. In addition, it is the practice in other circuits to leave the question of the same-actor inference to the jury. *See Banks v. Travelers Cos.*, 180 F.3d 358, 366-67 (2d Cir. 1999); *Kelley v. Airborne Freight Corp.*, 140 F.3d 335, 351 (1st Cir. 1998); *Buhrmaster v. Overnight Transportation Co.*, 61 F.3d 461, 463 (6th Cir. 1995); *Proud v. Stone*, 945 F.2d 796, 797-98 (4th Cir. 1991). Within the Ninth Circuit, two district courts have found that because the application of the rule was not straightforward, the jury should determine whether the inference applies and if it is rebutted by additional evidence of discriminatory motive. *See Conti v. Corporate Servs. Grp., Inc.*, No. C12-245RAJ, 2013 WL 2297140, at *12 (W.D. Wash. May 24, 2013); *Creekmore v. U.S. Bank, N.A.*, No. C09-561RAJ, 2010 WL 3211925, at *8-9 (W.D. Wash. Aug. 12, 2010). The Court will follow this approach and leave the issue for the jury to decide without a specific instruction on the same-actor inference.

PAGE 5 – OPINION AND ORDER

> **4. Motion to exclude argument and instruction on "second guessing" the business or academic decisions of Defendant**

GRANTED IN PART AND DENIED IN PART.

This issue will be more specifically addressed by the Court when it decides what jury instructions will be given. Plaintiff, however, is entitled to argue that Defendant's explanation for its adverse employment action is mere pretext, and Defendant will be entitled to argue to the contrary. The jury, however, will be instructed that it is not their role to substitute the jury's judgment on Plaintiff's teaching abilities or academic scholarship for Defendant's judgment if made on a non-discriminatory and non-retaliatory basis.

## B. Defendants' Motions *in Limine* (*See* Dkts. 87 and 92)

> **1. Motion to exclude evidence pertaining to any alleged discriminatory actions that occurred after Siring's placement on a terminal contract**

RULING RESERVED UNTIL NEXT PRETRIAL CONFERENCE (10/15/13, 11 A.M.)

Defendant argues that any evidence of discriminatory conduct by EOU during Plaintiff's terminal year should be excluded under FRE 401 because it occurred after Defendant took the adverse employment action in this case. Defendant further argues that even if this evidence were relevant, it should be excluded because it was not identified in the Pretrial Order ("PTO"). Plaintiff responds that evidence of discriminatory conduct by EOU during Dr. Siring's terminal year is relevant because it shows a continuation of disparate treatment, which makes EOU's motive and intent to discriminate more likely. Although Plaintiff concedes that this evidence was not identified in the PTO, Plaintiff argues that parties are only required to set out claims and defenses in the PTO, not all the evidence that they plan to present to support those claims and defenses.

Evidence of discriminatory conduct by an employer that occurs after an adverse employment action has been taken can be relevant to proving a discriminatory atmosphere or the

PAGE 6 – OPINION AND ORDER

continuation of disparate treatment. *See Cummings v. Standard Register Co.*, 265 F.3d 65, 63 (1st Cir. 2001). In addition, post-decision evidence can be relevant if it sheds light on whether discriminatory animus existed at the time of the decision. *See Snuggs v. Capital Cities/ABC, Inc.*, 122 F.R.D. 430, 431 (S.D.N.Y. 1988); *Rifkinson v. CBS, Inc.*, No. 94-civ-7985, 1997 WL 634514 (S.D.N.Y. Oct. 14, 1997).

Although LR 16-5(b)(4) requires the parties to set out each claim and defense in the PTO, it also states that parties need "not recite the evidence to be offered at trial but will be sufficient to frame the issues presented by each claim." LR 16-5(4)(b). To the extent that evidence of alleged discriminatory conduct that occurred after the adverse employment action is not a separate claim but rather evidence that may support the Plaintiff's discrimination claims, for either liability or damage purposes, it is admissible. This will be discussed further, however, at the next pretrial conference, which is scheduled for October 15, 2013, at 11:00 a.m.

2. **Motion to exclude evidence suggesting that Lauritzen or the College Personnel Committee ("the CPC") had received or were aware of Siring's May 24, 2010, letter to Jaeger and to prohibit Plaintiff's counsel from suggesting or implying that evidence of such awareness exists**

DENIED.

Defendant moves to exclude evidence or argument suggesting that Lauritzen or the CPC knew about Plaintiff's May 24, 2010 letter objecting to age discrimination before the meeting of the CPC that took place at noon on May 24, 2010. Defendant argues that Plaintiff mailed the letter on May 24, 2010, so the CPC could not have seen it before noon on May 24, 2010. Defendant argues that because Plaintiff does not have personal knowledge of when the letter was received, Plaintiff should be prevented from speculating about that matter under FRE 602. Defendant further argues that this evidence should be excluded under FRE 403.

PAGE 7 – OPINION AND ORDER

In response, Plaintiff states that she faxed the letter on the morning of May 24, 2010. Indeed, Defendant's witness Jaeger testified during deposition that the letter was faxed on the morning of May 24, 2010. Because of this factual dispute, Plaintiff argues that she is entitled to present these facts to the jury and each side may argue for appropriate inferences. The Court agrees. In addition, there is no basis for exclusion under FRE 403.

> 3. **Motion to exclude evidence and argument that a fourth-year review of Plaintiff's progress toward tenure was impermissible**

DENIED.

Defendant argues that evidence implying that a fourth-year review of Plaintiff's progress toward tenure was impermissible should be excluded under FRE 602, FRE 402, and FRE 403. Plaintiff responds that Defendant misconstrues Plaintiff's argument about the fourth-year review. Plaintiff's expert witness will not testify that a fourth-year review is legally impermissible, which would be inappropriate testimony that invades the province of the Court. Instead, Plaintiff maintains that Plaintiff's expert will testify only that holding a fourth-year review was contrary to the established tenure policies and practices of the Oregon University System. This Court has already determined that Plaintiff's expert witness is qualified to testify regarding the tenure practices and procedures within the Oregon University System, including EOU. This evidence is relevant and is not unfairly prejudicial.

> 4. **Motion to exclude evidence concerning the settlement resulting from the lawsuit that expert witness Jean Stockard brought against the Oregon University System**

GRANTED IN PART AND DENIED IN PART.

Defendant moves to preclude Plaintiff from offering evidence regarding the settlement amount received by Plaintiff's expert witness Jean Stockard from her lawsuit against the Oregon University System ("OUS"). Defendant argues that although Defendant will cross-examine Stockard about the fact that she previously sued OUS, Plaintiff should be limited from inquiring

PAGE 8 – OPINION AND ORDER

into the amount of the settlement because it is not relevant and may bias the jury. Plaintiff responds that questioning Stockard about the resolution of her case and whether she harbors any ill will toward OUS is relevant to rebut Defendant's attempt to impeach Stockard as biased.

Stockard's settlement with OUS, by itself, is not relevant evidence. Under FRE 611(b), however, cross-examination is allowed on "matters affecting the witness's credibility." *See generally United States v. Palmer*, 536 F.2d 1278, 1282 (9th Cir. 1976) ("The range of evidence that may be elicited for the purpose of discrediting a witness is very liberal. Inquiry is permitted concerning his capacity to remember, to observe, and to recount, and for the purpose of testing his sincerity, truthfulness and motives." (citation omitted)). Thus, Defendant may cross-examine Stockard about any lawsuit that she previously filed against OUS to expose any potential bias.

If Defendant were to do that, however, Defendant would have opened the door to redirect examination and that same topic, including all of the details of how that lawsuit was resolved. Upon redirect, Plaintiff is permitted to "meet new facts or rehabilitate a witness with respect to impeaching matter brought out on cross-examination through the introduction of redirect evidence tending to refute, deny, explain, qualify, disprove, repel, or otherwise shed light on the evidence developed during cross-examination." 1 MCCORMICK ON EVIDENCE § 32 (7th ed.).

Thus, if Defendant questions Stockard about her lawsuit against OUS, Plaintiff may ask Stockard about how the lawsuit was resolved, including any settlement received, in order to show that she harbors no ill will toward OUS. If, however, Defendant does not open the door by asking Stockard about her lawsuit against OUS, then nothing about that lawsuit, including its settlement, would be relevant or admissible.

**5. Motion to prohibit Plaintiff from asserting that Plaintiff was "denied" tenure**
   DENIED.

PAGE 9 – OPINION AND ORDER

Defendant argues that Plaintiff should be prohibited from asserting that she was "denied" tenure by EOU because the term "denied" mischaracterizes the adverse employment action taken against Plaintiff. Defendant argues that this "mischaracterization" would prejudice Defendant and confuse the jury by falsely suggesting that EOU took two adverse employment actions against Plaintiff—placement on a terminal contract and denial of tenure—rather than one. Defendant argues further that no witness can have the requisite personal knowledge to testify about Plaintiff being denied tenure because a denial of tenure never occurred. Plaintiff responds that being placed on a terminal contract had the practical or *de facto* effect of denying her tenure.

The technical difference between the decision to place Plaintiff on a terminal contract, which effectively denied Plaintiff tenure, and a formal "denial" of tenure decision is not significant enough to warrant prohibiting Plaintiff from referencing the decision as a "denial" of tenure. Although denial of tenure does appear to be a term of art, the semantic distinction in this case is insufficient to warrant the requested relief of exclusion. Referring to a decision that Plaintiff was "denied" tenure will not create a significant risk of unfair prejudice to Defendant or confusion for the jury, and Defendant certainly will be afforded every reasonable opportunity to clarify any ambiguity on this issue.

**6. Motion to exclude any reference to a statement by Costi in June 2011 that Plaintiff was treated like "an elderly aunt who is only partially coherent" (*See also* Plaintiff's Exhibit 53)**

DENIED.

In June 2011, Betsy Costi, then Director of EOU's Elementary Education program at Mount Hood Community College, allegedly stated that Siring had been treated like "an elderly aunt who is only partially coherent" during a conversation with EOU Provost Michael Jaeger. Defendant moves to exclude this statement as an irrelevant "stray remark" because the comment was made more than a year after Plaintiff was placed on a terminal contract and Costi was not a

PAGE 10 – OPINION AND ORDER

decision-maker. Even if Costi's statement is relevant, Defendant adds, it is unfairly prejudicial under FRE 403. Plaintiff responds that Costi's statement is admissible as an admission of a party opponent pursuant to FRE 801(d). Plaintiff states that Costi held a management position on EOU's Mt. Hood campus and that her statement was made while discussing Plaintiff's employment with Provost Michael Jaeger. Plaintiff argues that Costi's statement is relevant because it tends to make it more probable that EOU's management had discriminatory animus towards Plaintiff on the basis of her age and that EOU's believed that Plaintiff was disabled.

Although "stray remarks" cannot be the sole basis for a finding of discriminatory intent, they can be relevant to show a decision-maker's animus or a management culture of discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 153 (2000) (holding that the lower court had erred in dismissing comments made by a decision-maker as mere "stray remarks" because a reasonable jury could have inferred that the remarks reflected the decision-maker's motivation at the time of the employment decision). The bar for relevance is low, and although it may be that certain comments are "not reflective of the environment as a whole or of management, [] it is for the *jury* to determine—in light of all the evidence before it—that such a comment is 'stray.'" *Diaz v. Jiten Hotel Mgmt., Inc.*, 762 F. Supp. 2d 319, 337-38 (D. Mass. 2011). "A jury cannot be asked to determine questions of bias and motivation without all of the evidence before it." *Id.* at 338. Even though Costi was not a decision-maker for purposes of this case, she was part of EOU's management. Her statement is relevant and not unfairly prejudicial.

> **7. Motion to prohibit Plaintiff from testifying that her job in Gresham was "harder" than a job in La Grande**

DENIED.

PAGE 11 – OPINION AND ORDER

Defendant argues that Plaintiff should not be allowed to testify that her position at the Gresham campus was "more difficult" than a similar position at the La Grande campus because that testimony is irrelevant and could confuse the jury. Plaintiff argues that evidence of the relative difficulty of her position is relevant to rebut Defendant's assertion that her actual job performance was inadequate. Whether or not Defendant fairly evaluated Plaintiff's job performance is at issue in this case. The difficulty of Plaintiff's position relative to her colleagues' at the La Grande campus is relevant to the jury's determination of that issue. The probative value of testimony about the relative difficulty of Plaintiff's position is not substantially outweighed by unfair prejudice or confusion of the issues. Assuming that a sufficient foundation of personal knowledge is laid, Plaintiff may present this testimony.

## C. Defendant's Objections to Plaintiff's Trial Exhibits (*See* Dkts. 96-1, 82, 93, and 103)

### 1. Pre-Admitted Exhibits

The following Plaintiff's exhibits are pre-admitted without objection: Plaintiff's Exhibit Nos. 1-15, 19, 22, 24, 27-33, 36-38, 40-42, 45, 49, 55-57, 59-60, and 76-77.

### 2. Additional Pre-Admitted Exhibits

The following Plaintiff's exhibits are pre-admitted over Defendants' objections: Plaintiff's Exhibit No. 58 (student evaluations; Defendant may request a limiting instruction).

### 3. Withdrawn Exhibits

Plaintiff has withdrawn the following exhibits: Plaintiff's Exhibit Nos. 18, 20, 23, 34, and 35.

### 4. Rulings on Defendants' Objections to Plaintiff's Exhibits

Ex. 16          Ruling reserved

Ex. 17          Ruling reserved

Ex. 21          Ruling reserved

PAGE 12 – OPINION AND ORDER

| | |
|---|---|
| Ex. 25 | Ruling reserved |
| Ex. 26 | Ruling reserved |
| Ex. 39 | Ruling reserved |
| Ex. 43 | Ruling reserved |
| Ex. 44 | Ruling reserved |
| Ex. 46 | Ruling reserved |
| Ex. 47 | Ruling reserved |
| Ex. 48 | Ruling reserved |
| Ex. 50 | Ruling reserved |
| Ex. 51 | Ruling reserved |
| Ex. 52 | Ruling reserved |
| Ex. 53 | Ruling reserved |
| Ex. 54 | Ruling reserved |
| Ex. 61-75 | Ruling reserved |
| Ex. 78 | Ruling reserved. |

**D.  Plaintiff's Objections to Defendant's Trial Exhibits (*See* Dkts. 101, 91, 100, and 103)**

### 1.  Pre-Admitted Exhibits

The following Defendant's exhibits are pre-admitted without objection: Defendant's Exhibit Nos. 201-202, 204 (with limiting instruction), 205-212, 214-217, and 218.

### 2.  Additional Pre-Admitted Exhibits

The following Defendants' exhibits are pre-admitted over Plaintiff's objections: None.

### 3.  Withdrawn Exhibits

Defendant has withdrawn the following exhibits: None.

### 4. Rulings on Plaintiff's Objections to Defendant's Trial Exhibits

| | |
|---|---|
| Ex. 203 | Ruling reserved |
| Ex. 213 | Ruling reserved |
| Ex. 219 | Ruling reserved |
| Ex. 220 | Ruling reserved |

### E. Defendant's Objections to Plaintiff's Lay Witnesses (*See* Dkts. 73, 82, and 93)

#### 1. Objections to Rosemary Siring

The Court has denied Defendant's Motions *in Limine* Nos. 1, 2, 3, and 7. *See supra.* The witness may testify only as to factual matters about which she has personal knowledge (FRE 602) or that are appropriate for lay opinion testimony (FRE 701). Defendant's objections under FRE 403 are overruled. All other objections are overruled.

#### 2. Objections to Ron Siring

The Court has denied Defendant's Motion *in Limine* Nos. 1. *See supra.* The witness may testify only as to factual matters about which he has personal knowledge (FRE 602) or that are appropriate for lay opinion testimony (FRE 701), including Plaintiff's emotional distress and apparent depression. Defendant's objections under FRE 403 are overruled. All other objections are overruled.

#### 3. Objections to Corinna Barrett Lain

Plaintiff may efficiently elicit from this witness general background information about Plaintiff's life to the extent that such testimony may be relevant to Plaintiff's claim for emotional distress damages. Overly extensive and time-consuming detail about Plaintiff's entire life story, however, is unnecessary and may be excluded by the Court under FRE 403. Plaintiff's estimated time of two hours for direct examination appears to be excessive in light of the witness statement.

### 4. Objections to Barbara Adams

The Court has denied Defendant's Motion *in Limine* Nos. 1 and overruled Defendant's objection to Plaintiff's Ex. 58. *See supra.* The witness may testify only as to factual matters about which she has personal knowledge (FRE 602) or that are appropriate for lay opinion testimony (FRE 701), including the witness's assessment of Plaintiff's teaching skills. The Court, however, expects that there will not be cumulative or unduly repetitive testimony about Plaintiff's teaching skills. Defendant's objections under FRE 403 are overruled. All other objections are overruled.

### 5. Objections to Greg Austin

The Court has denied Defendant's Motion *in Limine* Nos. 1 and overruled Defendant's objection to Plaintiff's Ex. 58. *See supra.* The witness may testify only as to factual matters about which he has personal knowledge (FRE 602) or that are appropriate for lay opinion testimony (FRE 701), including the witness's assessment of Plaintiff's teaching skills. The Court, however, expects that there will not be cumulative or unduly repetitive testimony about Plaintiff's teaching skills. Defendant's objections under FRE 403 are overruled. All other objections are overruled.

### 6. Objections to Mykele McClure Brucker

The Court has denied Defendant's Motion *in Limine* Nos. 1 and overruled Defendant's objection to Plaintiff's Ex. 58. *See supra.* The witness may testify only as to factual matters about which she has personal knowledge (FRE 602) or that are appropriate for lay opinion testimony (FRE 701), including the witness's assessment of Plaintiff's teaching skills. The Court, however, expects that there will not be cumulative or unduly repetitive testimony about Plaintiff's teaching skills. Defendant's objections under FRE 403 are overruled. All other objections are overruled.

### 7. Objections to Rebecca Hawkins

The Court has denied Defendant's Motion *in Limine* Nos. 1 and overruled Defendant's objection to Plaintiff's Ex. 58. *See supra.* The witness may testify only as to factual matters about which she has personal knowledge (FRE 602) or that are appropriate for lay opinion testimony (FRE 701), including the witness's assessment of Plaintiff's teaching skills. The Court, however, expects that there will not be cumulative or unduly repetitive testimony about Plaintiff's teaching skills. Defendant's objections under FRE 403 are overruled. All other objections are overruled.

### 8. Objections to Betsy Costi

The Court has denied Defendant's Motions *in Limine* Nos. 1 and 6. *See supra.* The witness may testify only as to factual matters about which she has personal knowledge (FRE 602) or that are appropriate for lay opinion testimony (FRE 701). Defendant's objections under FRE 403 are overruled. All other objections are overruled.

## F. Plaintiff's Objections to Defendant's Lay Witnesses (*See* Dkts. 85, 91, and 100)

### 1. General Objections

Plaintiff's General Objections are well taken. The Court's Civil Trial Management Order requires a "fair *narrative* statement summarizing the substance of the testimony expected to be elicited on direct examination." Dkt. 55, at 2 (emphasis added). Defendant's outline listing the topics "about" which the witness will testify is not a "narrative" statement. If Defendant would like to file an amended lay witness statement, Defendant has leave to do so. If Defendant, however, chooses not to file an amended lay witness list, then Defendant risks the exclusion at trial, upon timely objection, of any testimony on direct examination that, in all fairness, has not been materially disclosed to Plaintiff sufficiently to ensure that Plaintiff will not be unfairly surprised.

PAGE 16 – OPINION AND ORDER

### 2. Specific Objections to Carol Lauritzen Witness Statement

Plaintiff's objections are overruled. The testimony at "j.(i)" that Davenport told Lauritzen about Davenport's assessment of Plaintiff's teaching abilities is not being offered for the truth of the matter asserted. Instead, it is offered as part of the package of information received by Laurizen that affected her decisions and actions. Plaintiff may submit a specific limiting instruction if Plaintiff chooses. The testimony at "z" does not appear to call for speculation.

### 3. Specific Objections to Michael Jaeger Witness Statement

Plaintiff's objections are overruled. The challenged testimony does not call for expert testimony, is not cumulative, and does not appear to be inadmissible hearsay.

### 4. Specific Objections to Allen Evans Witness Statement

Plaintiff's objection is overruled. The challenged testimony is not cumulative.

### 5. Specific Objections to Darren Dutto Witness Statement

Plaintiff's objections are overruled. The challenged testimony is not cumulative and does not appear to be inadmissible hearsay.

### 6. Specific Objections to Jeff Vermeer Witness Statement

Plaintiff's objection at "c(ii)" regarding what "concerns" the "FPC had" is sustained for lack of personal knowledge. FRE 602. Defendant may attempt to lay a foundation for this testimony. Plaintiff's other objections are overruled. The challenged testimony does not appear to be inadmissible hearsay.

### 7. Specific Objections to Ruth Davenport Witness Statement

Plaintiff's objection is overruled. The challenged testimony is not cumulative.

### 8. Specific Objections to Betsi Costi Witness Statement

Plaintiff offers no specific objections to this testimony.

**G. Defendant's Objections Plaintiff's Substantive Deposition Testimony Designations (***See* **Dkts. 64, 65, 82, and 93)**

    **1. Carol Lauritzen**

Defendant's objections are overruled.

    **2. Michael Jaeger**

Defendant's objections are overruled.

**H. Plaintiff's Objections to Defendant's Deposition Designations (***See* **Dkts. 91)**

    **1. Michael Jaeger**

        a. Tr. 95:9-13

Plaintiff's objection is overruled.

        b. Tr. 154:8-21

Plaintiff's objection is sustained. If relevant and otherwise admissible, Defendant may elicit this testimony from Mr. Jaeger at trial.

## CONCLUSION

The Parties' motions *in limine* and other evidentiary objections are GRANTED IN PART and DENIED IN PART as set forth in this Opinion and Order. The next Pretrial Conference shall occur on Tuesday, October 15, 2013, at 11:00 a.m. in Courtroom 13B.

    **IT IS SO ORDERED**.

    DATED this 8th day of October 2013.

                                 /s/ Michael H. Simon
                                 Michael H. Simon
                                 United States District Judge